**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

ADREAN ALEJANDRO MOLINA-TERAN,

Petitioner,

v. Case No. 2:26-cv-03196 KWR-LF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE. He received a bond hearing and was granted bond in the amount of $10,000. However, he remains detained due to a pending criminal matter in Texas. Due to the pending criminal matter, he alleges his attorney advised he hold off on posting the bond. He has not alleged that he requested to post bond and the request was denied, or that he renewed his bond request and it was denied. Petitioner therefore appears to be detained due to this criminal cases at this time. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED** without prejudice.

**BACKGROUND**

Petitioner is a citizen of Venezuela and is currently detained by ICE at the Otero County Processing Center. Petitioner entered the United States on or about October 28, 2017. Petitioner had a bond hearing on April 15, 2026. He was granted bond in the amount of $10,000.

Petitioner asserts he was advised by his counsel not to post bond due to a pending criminal case. Petitioner does not assert that he requested to post bond and it was denied, or that he requested another bond hearing and it was denied. Rather, he asserts that the Texas warrant prevented his release. Doc. 1 at 6. At the time his petition was filed, he admits he had pending criminal matters and warrants. Doc. 1 at 6.

Petitioner challenges his "continued detention without a current individualized determination…" Doc. 1 at 6. Petitioner asserts that he was not provided "adequate notice" for his continued detention. *Id.* But he does not explain the lack of adequate notice.

**DISCUSSION**

Petitioner received a bond hearing and was granted bond in the amount of $10,000. He asserts he did not post bond on the advice of counsel due to his pending criminal matters and a Texas warrant. As of the filing of the Petition, his criminal matters were still pending. He does not assert that he requested release on bond in the amount of $10,000 and it was denied, or that he requested another custody redetermination hearing and his release was denied. He appears to assert that his counsel recommended waiting until the resolution of his criminal matter, and it appears (as of the filing of the petition) that his criminal matter and warrant are still pending. Respondents assert that Petitioner is not currently in DHS custody, but has been transferred to local custody in relation to state criminal charges. Thus, because Petitioner has been granted bond and he does not assert that bond has been denied, it is unclear why he seeks relief from this court.

If Petitioner is placed in immigration custody upon resolution of his criminal matter, he may file a new habeas petition explaining why he believes he should be released from immigration custody.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED** without prejudice.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE